UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTORIA E. TOUSSAINT-HILL, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOUG MCMILLON, individually and CEO ) <br> for Walmart; ) <br> ROBERT SWAN, CFO and Interim ) <br> CEO Intel Technologies; and ) <br> BRYAN KRZANICH, Former CEO Intel ) <br> Technologies, ) <br> ) <br> ) <br> Defendants. ) | Case No. 18-CV-00366-TCK-FHM |

**OPINION AND ORDER**

Before the Court are (1) Defendants Robert Swan's and Brian Krzanich's Motion to Dismiss Amended Complaint or, in the alternative, Motion to Transfer Venue (Doc. 36) and (2) Defendants Doug McMillon's and Walmart Inc.'s Motion to Dismiss Amended Complaint (Doc. 37). For the foregoing reasons, Defendants Swan's and Krzanich's motion is **GRANTED** as to dismissal and **DENIED** as to transfer. Defendants McMillon's and Walmart's motion is **GRANTED**.

**I.    Background and Factual Allegations**

Plaintiff Victoria E. Toussaint-Hill filed this action on July 16, 2018, and filed an Amended Complaint on September 28, 2018. (Doc. 30.) She alleges that in 2015, she notified her supporters on Facebook and Twitter that she had conceived and created a concept for an automated self-lifting shopping cart. On June 24, 2016, she applied to be a contestant on the television show America's Greatest Makers, on which Defendant Krzanich ("Krzanich") was a judge. On July 19, 2016, she submitted a Unilateral Nondisclosure Agreement ("NDA") between herself and Olivia Stafford,

1

Casting Producer for America's Greatest Makers and Intel. Despite this NDA, Defendant Intel Technologies ("Intel") leaked information about her product to Defendant Walmart, Inc. ("Walmart"), who applied for a patent for a similar product on September 16, 2016. Plaintiff also alleges that both Walmart and Intel have been "unduly enriched at Plaintiffs [sic] request" by this conduct. Finally, Plaintiff filed a provisional patent on her product on April 17, 2017.

Plaintiff is a *pro se* litigant; accordingly, the Court will construe her allegations liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, if the Court can reasonably read the Amended Complaint to demonstrate a case of actual controversy within the meaning of the Declaratory Judgment Act, standing, or personal jurisdiction, it should do so "despite the plaintiff's failure to cite proper legal authorities, [her] confusion of various legal theories, [her] poor syntax and sentence structure, or [her] unfamiliarity with pleading requirements." *Id*. However, the Court may not assume the role of advocate for *pro se* litigants. *See id*. Accordingly, the Court will not supply additional factual allegations to round out the Plaintiff's Amended Complaint or construct a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

As a preliminary matter, the Court must determine who is named in the Amended Complaint. Rule 10 requires that "[t]he title of the Complaint must name all the Parties." The Amended Complaint names "Doug McMillon, individually and CEO for Walmart; Bryan Krzanich, CFO and Interim CEO Intel Technologies; and Robert Swan, Former CEO Intel Technologies." In light of Plaintiff's responsibilities under Rule 10 and the Court's obligation to construe a *pro se* Complaint liberally, the Court construes the Amended Complaint to name Robert Swan ("Swan"), Krzanich, and Doug McMillon ("McMillon") individually, as well as naming both Walmart and Intel.

Based on the allegations in the Amended Complaint, the Court construes Plaintiff's causes of action as follows:

1. Common law Breach of Contract, against Swan, Krzanich, and Intel

2. Common law Unjust Enrichment, against Walmart and McMillon

3. Declaratory Judgment that Walmart's patent is invalid

4. Declaratory Judgment that Plaintiff is the sole inventor of the product on which Walmart has sought a patent

## II. Declaratory Judgment

### A. "Case of Actual Controversy"

McMillon and Walmart contend that Plaintiff does not satisfy the Declaratory Judgment Act's "case or controversy" requirement for a claim of a Declaration of Patent Invalidity. The Declaratory Judgment Act limits the Court's ability to declare the rights and other legal relations of interested parties seeking such a declaration to "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. Such an actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). As the party seeking a declaratory judgment, Plaintiff has the burden of establishing that a case of actual controversy existed at the time the action was filed. *See AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.*, 890 F.3d 986, 990-91 (Fed. Cir. 2018).[1] Additionally, Federal Circuit law governs whether an

---

[1] The phrase "case of actual controversy" in the Declaratory Judgment Act refers to the type of "Cases" and "Controversies" that are judiciable under Article III. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). The standard can be analyzed directly, or through the more specific doctrines of standing, ripeness, and lack of mootness. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008).

actual controversy exists under the Declaratory Judgment Act when the underlying merits of an action involve patent infringement and/or validity. *See Microchip Tech. Inc. v. Chamberlain Group*, 441 F.3d 936, 940 (Fed. Cir. 2006).

In *MedImmune*, the petitioner sought a declaratory judgment that a patent was invalid, unenforceable, or not infringed. The Court held that the petitioner was not required to take the substantial risk of actually engaging in allegedly infringing behavior, by ceasing to pay royalties, to seek such a declaratory judgment. This case, however, is meaningfully distinct from *MedImmune*. Unlike the petitioner in *MedImmune*, Plaintiff has not alleged that she has taken or would be able to take any action that might subject her to a patent infringement suit, such as selling or manufacturing her own, allegedly infringing product, or paying royalties to prevent being sued for patent infringement.

If Plaintiff has not made meaningful preparations to conduct infringing activity by taking significant, concrete steps, the dispute is neither immediate nor real and the requirements for justiciability have not been met. *See AIDS Healthcare*, 890 F.3d at 991-92 (internal citations omitted). In *AIDS Healthcare*, the Court found that a Plaintiff's role "as an encourager of others to provide infringing product in the future, and its role as a future purchaser of such product" was insufficient to establish a case of actual controversy, as it lacked immediacy and reality. *Id.* In this case, Plaintiff has not even alleged activities equivalent to those found to be insufficient in *AIDS Healthcare.* She has alleged no meaningful preparation to manufacture, sell or license her own product, nor to engage in any other potentially infringing activity. She has alleged no activity or potential future activity on her part at all. She has alleged only that Walmart has obtained a patent on the product that she developed. Accordingly, like in *AIDS Healthcare*, Plaintiff has not demonstrated that her claim for Declaration of Patent Invalidity is a case of actual controversy.

**B. Standing**

McMillon and Walmart also contend that Plaintiff lacks Article III standing to bring a claim for a Declaration of Inventorship because she has failed to allege injury-in-fact. Article III standing refers to whether the Parties' dispute falls within the limits of the federal courts' power outlined in Article III of the Constitution. To demonstrate Article III standing, Plaintiff must show that (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the Defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth Inc. v. Laidlaw Env. Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). While Plaintiff bears the burden of showing that she has Article III standing, at the pleadings stage, general factual allegations of injury resulting from Defendants' conduct may suffice. *Id*.

In this case, Plaintiff has sufficiently alleged general factual allegations of injury resulting from Defendants' conduct. Plaintiff has alleged that despite having signed the NDA, Intel leaked information regarding her product to Walmart, who has stolen her concept. Plaintiff has further alleged that Intel and Walmart have been unduly enriched at Plaintiff's expense. Taken together, these allegations indicate that Plaintiff has alleged a concrete financial interest in the patent, which is sufficient to demonstrate injury-in-fact. *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1321-22 (Fed. Cir. 2009); *Chou v. Univ. of Chi. & Arch Dev. Corp.*, 254 F.3d 1347, 1358-59 (Fed. Cir. 2001). Because McMillon and Walmart have not challenged traceability or redressability, the Court concludes that the Amended Complaint adequately alleges facts establishing both. Accordingly, Plaintiff has standing to assert a claim for a Declaration of Inventorship.

### III. Personal Jurisdiction

Personal jurisdiction refers to the power that a court has to make a decision regarding the party being sued in a case. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Federal Circuit law governs the issue of personal jurisdiction in this patent-related case, both as to the Declaration of Inventorship claim and as to the related state law claims against Swan, Krzanich, and Walmart. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348-49 (Fed. Cir. 2002).

Personal jurisdiction must comport with the state's long-arm statute and with the due process clause of the U.S. Constitution. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018). Oklahoma's long arm statute for establishing specific jurisdiction, however, sets the limits of the state's jurisdiction over a nonresident to the outer limits permitted by the U.S. Constitution. *See* OKLA. STAT. tit. 12 sec 2004(F). Consequently, the Court must only determine whether an exercise of personal jurisdiction in this case is constitutional.

A district court can exercise personal jurisdiction over any out-of-state defendant pursuant to either general or specific jurisdiction. A defendant is subject to general jurisdiction where that defendant "is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). For an individual, general jurisdiction will generally be available in the individual's domicile. *Id.* For a corporation, determining whether it is at home requires "an appraisal of [its] activities in [its] entirety, nationwide and worldwide." Merely "doing business" in a forum is not sufficient. *Id.* at 139, n.20. However, general jurisdiction will be available in the corporation's place of incorporation, and the corporation's principle place of business. *Id.*

By contrast, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1357-76 (Fed. Cir.

2017), quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Due process requires that a defendant have sufficient "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice," and that the exercise of jurisdiction be reasonable.

A. **General Jurisdiction**

In this case, Plaintiff did not allege Swan's, Krzanich's, or McMillon's domicile, nor Walmart's or Intel's place of incorporation or principle place of business in her Amended Complaint. (Doc. 30.) Moreover, in her responses to Defendants' Motions to Dismiss, Plaintiff argues that "Defendants reside in Arkansas and California." (Docs. 38 and 39.) This argument, particularly in light of the fact that Plaintiff alleges no further facts suggesting that any Defendant is fairly regarded as at home in Oklahoma, demonstrates that the Court cannot exercise general jurisdiction over any of the Defendants in this case.

B. **Specific Jurisdiction**

To determine whether a defendant has minimum contacts, the Court looks to whether (1) the defendant purposefully directed its activities to the forum State and (2) the claims arise out of or relate to those activities. If the defendant has minimum contacts, the Court must determine whether the assertion of jurisdiction is reasonable and fair. *See NexLearn*, 859 F.3d at 1376. Plaintiff has the burden of establishing that each defendant has the requisite minimum contacts with the forum. If established, the burden shifts to Defendants to prove that personal jurisdiction is unreasonable. *See Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

In this case, Plaintiff has not alleged that any of the Defendants purposefully directed their activities at Oklahoma. Plaintiff has not alleged any contacts at all between herself and McMillon or Swan, nor between McMillon or Swan and Oklahoma. Indeed, neither are even mentioned in

7

the Amended Complaint. Accordingly, Plaintiff has not alleged sufficient facts to establish that these Defendants purposefully directed their activities to Oklahoma.

Similarly, Plaintiff's lone allegation against Walmart appears to be that Walmart has filed a patent for a product that Plaintiff developed, and has been unjustly enriched because of it. Plaintiff's lone allegation against Krzanich is that he was a judge on America's Greatest Makers. As with McMillon and Swan, Plaintiff has not alleged any contacts at all between herself and Walmart or Krzanich, nor that either of these Defendants have had any contact with Oklahoma. Without any such allegations, Plaintiff's spare allegations against Walmart and Krzanich are also not sufficient to establish that these Defendants purposefully directed their activities to Oklahoma.

Plaintiff's allegations against Intel also fail to establish that Intel purposefully directed its activities at Oklahoma. The only allegation against Intel that can be construed as a contact is the allegation that Plaintiff entered into an NDA with Olivia Stafford, Producer for America's Greatest Makers and Intel. Assuming, *arguendo*, that Plaintiff was present in Oklahoma when she entered into the NDA with Ms. Stafford and that Ms. Stafford was at the time an agent of Intel, Plaintiff has still not alleged any link between Intel and Oklahoma aside from herself—a link that, alone, cannot establish minimum contacts. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.") Accordingly, Plaintiff has also not established that Intel has minimum contacts with Oklahoma.

Finally, Plaintiff also attached the alleged NDA to her response to Swan's and Krzanich's Motion to Dismiss. This NDA states that "both parties consent to the personal jurisdiction of the state and federal courts of Oklahoma." (Doc. 39, pg. 11.) Plaintiff does not allege that the NDA governs personal jurisdiction in this case, and the Court cannot make this argument for Plaintiff. However, as the NDA purports to be between Plaintiff and Ms. Stafford, it appears that this clause

could not bind any party to this litigation but, potentially, Intel. Moreover, as the NDA is unsigned by anyone but Plaintiff, it appears that, without more, this clause can also not bind Intel.

IV. **Conclusion**

For the reasons listed above, Defendants Robert Swan and Brian Krzanich's Motion to Dismiss Amended Complaint or, in the alternative, Motion to Transfer Venue (Doc. 36) is **GRANTED** as to dismissal and **DENIED** as to transfer. Defendants Doug McMillon and Walmart Inc.'s Motion to Dismiss Amended Complaint (Doc. 37) are **GRANTED.**

Plaintiff's claim for Declaratory Judgment that Walmart's patent is invalid is **DISMISSED** because it does not present "a case of actual controversy" within the meaning of the Declaratory Judgment Act.

Plaintiff's claims for Breach of Contract, Unjust Enrichment, and Declaratory Judgment that Plaintiff is the sole inventor of the product on which Walmart has sought a patent are **DISMISSED** for lack of personal jurisdiction over all Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**DATED THIS 8th day of May, 2019.**

_____
**TERENCE C. KERN**
**United States District Judge**